UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THOMAS GESUALDI, LOUIS BISIGNANO,
ANTHONY PIROZZI, DOMINICK MARROCCO,
ANTHONY D'AQUILA, FRANK FINKEL,
JOSEPH FERRARA, MARC HERBST,
THOMAS PIALI and DENISE RICHARDSON,
Trustees and Fiduciaries of the Local 282
Welfare, Pension, Annuity, Job Training, and
Vacation and Sick Leave Trust Funds,

                     Plaintiffs,

     - against -

NEW YORK CONCRETE CORP.,

                     Defendant.
------------------------------------------------------------X

## COMPLAINT

The Trustees and Fiduciaries (the "Trustees" or "Plaintiffs") of the Local 282 Welfare, Pension, Annuity, Job Training and Vacation and Sick Leave Trust Funds (the "Funds"), by their attorneys Friedman & Wolf, allege as follows:

INTRODUCTION

1. The Trustees bring this action to compel Defendant New York Concrete Corp. ("New York Concrete") pursuant to the terms of its collective bargaining agreement with Teamsters Local 282 ("Local 282") to make all delinquent contributions to Plaintiffs on behalf of Andrews Trucking Corp., a sub-contractor or sub-contractor of a subcontractor hired by

Defendant to perform work covered by the collective bargaining agreement.

2. In bringing this action, the Trustees are enforcing the terms of the Trust Agreement governing the Funds, as well as the collective bargaining agreement between Defendants and Local 282. This action is also based on provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001, et seq. Specifically, Plaintiffs invoke Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), in that they seek to enforce terms of the Trust Agreement, and to prevent violations of Sections 209(a) and 515 of ERISA, 29 U.S.C. §§ 1059(a), 1145.

## JURISDICTION AND VENUE

3. This Court's jurisdiction is based on Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

4. This Court is one of proper venue, pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), since the work at issue occurred in this District and, thus, this District is the "location of the breach."

## PARTIES

5. The Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3). They were established pursuant to the terms of various collective bargaining agreements between Local 282, which is a labor organization representing employees in an industry affecting commerce, and various employers who are required to make contributions to the Funds on behalf of their employees covered by the collective bargaining

agreements. The Funds provide various pension, health and welfare, annuity, job training, vacation and sick leave and legal services benefits to covered employees, retirees, and their dependents. The Funds are operated pursuant to the terms of the Trust Agreement, which is incorporated by reference into the collective bargaining agreement.

6. The Funds' principal office is located at 2500 Marcus Avenue, Lake Success, within the County of Nassau, New York.

7. Plaintiffs Thomas Gesualdi, Louis Bisignano, Anthony Pirozzi, Dominick Marrocco, Anthony D'Aquila, Frank Finkel, Joseph Ferrara, Marc Herbst, Thomas Piali and Denise Richardson are the Trustees of the Funds, and collectively are the "plan sponsor" within the meaning of Section 3(16)(B)(iii), 29 U.S.C. § 1002(16)(B)(iii). The Trustees are Fiduciaries of the Funds, as defined by Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

8. New York Concrete is a corporation located at 708 Sharrots Road, Staten Island, NY 10309, and has employed at least one employee covered by a collective bargaining agreement with Local 282.

## BACKGROUND

9. New York Concrete is bound to the New York City Heavy Construction & Excavating contract ("CBA") with Local 282 for the period July 1, 2006 through June 30, 2009.

10. The CBA binds signatories to certain terms and conditions governing the employment of its employees and obligates it to make contributions to the Funds on behalf of those employees covered by the collective bargaining agreement. The collective bargaining agreement specifically incorporates the Trust Agreement.

3

104649

11. The collective bargaining agreement requires contributions to the Welfare, Pension, Annuity, Job Training, and Vacation and Sick Leave Trust Funds in specified amounts for each hour worked in employment covered by the collective bargaining agreements.

12. The Funds rely upon employers' self-reporting of the number of hours worked and the amount of contributions owing to the Funds.

13. The Trust Agreement authorizes the Trustees to bring actions to enforce an employer's obligation to make contributions payments in accordance with the terms and conditions established by the Trustees.

14. Article IX(3) of the Trust Agreement requires payment of interest on delinquent contributions at the rate specified, which is eighteen (18%) percent per annum and requires payment of additional damages in any action to enforce contribution obligations in an amount equal to the greater of (1) liquidated damages in the amount of twenty (20%) percent of delinquent contributions, or (2) interest determined to be due and owing.

15. Moreover, Section 7 of the CBA reads as follows:

SECTION 7. SUBCONTRACTING.

For any subcontracted work on the site, or work subcontracted by or through a subcontractor on the site, the Employer will also:

(A) Submit monthly reports of all hours for each Employee, in all classifications covered by this Agreement, whether that work is performed by an Employee of the Employer or an Employee of a subcontractor, or any subcontractor of a subcontractor;

(B) In the event that any subcontractor, or subcontractor of a subcontractor, fails to pay the wages required by the Agreement, or to make contributions to the Local 282 Welfare, Pension, Annuity & Job Training Funds, Building Fund or Dues Checkoffs, as required by the Agreement, and if the Union, by an Officer, by written notice with report of delivery, notifies the Employer that a truck or equipment supplier is not complying, the Employer shall be responsible for such non-compliance for the period only beginning two (2) working days after

4

104649

the day of receipt of such notice.

16. Since at least June 2007 through at least January 2008, New York Concrete has employed Andrews as a subcontractor to perform trucking services.

17. No Defendant has ever provided the Funds with reports of work performed by Andrews.

18. At a minimum, based on audits of Andrews for the period of March 24, 2006 through February 29, 2008, $775,290.88 in delinquent contributions are due and owing to the Funds, as well as interest on the delinquent contributions from the date they were due through July 2008 in the amount of $96,007.42, and each day thereafter until the date they are paid, the greater of liquidated damages representing twenty percent (20%) of the delinquent contributions, or an amount equal to interest owed on the unpaid contributions at the time that judgment is entered, as well as reasonable attorneys' fees and costs, and audit fees.

FIRST CAUSE OF ACTION

19. By letter dated April 29, 2009, the Trustees notified New York Concrete of its obligations for Andrews' delinquencies. For the period of March 24, 2006 through February 29, 2008, the Defendant owes at least its share of the $775,290.88 in delinquent contributions, as well as interest on the delinquent contributions from the date they were due through July 2008 in the amount of $96,007.42, and each day thereafter until the date they are paid, the greater of liquidated damages representing twenty percent (20%) of the delinquent contributions, or an amount equal to interest owed on unpaid contributions at the time judgment is entered, and reasonable attorneys' fees and costs, and audit fees, based on the audit of Andrews.

5
104649

20. To date, Defendant has failed and refused to pay the Funds.

21. The failure and refusal of Defendant to comply with the Trustees' request on a timely basis violated the collective bargaining agreement, the Trust Agreement and the Trustees' policy and has injured the Funds, depriving them of investment income and increasing their operation and administration costs. The failure to make these contributions as required constitutes a violation of Section 515 of ERISA, 29 U.S.C. § 1145.

22. Pursuant to the Trust Agreement and ERISA Section 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B), Defendant owe interest on delinquent contributions at the rate of eighteen (18%) percent per annum.

23. Pursuant to the Trust Agreement and ERISA Section 502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(C), Defendant owe additional damages in an amount equal to the greater of (1) liquidated damages in the amount of twenty (20%) percent of delinquent contributions, or (2) an amount equal to the interest determined to be due and owing.

24. Pursuant to the Trust Agreement and ERISA Section 502(g)(2) 29 U.S.C. § 1132(g)(2), Defendant also owe reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

A. On the First Cause of Action:

(1) for the period of March 24, 2006 through February 29, 2008, at least its share of $775,290.88 in delinquent contributions for all covered work performed on Defendants' behalf by Andrews Trucking for which contributions have not been made; plus

(2) its share of pre-judgment interest plus per diem interest from July 2008 until the date judgment is entered, as well as interest on the delinquent contributions from the

date they were due through July 2008 in the amount of $96,007.42, and each day thereafter until the date they are paid; plus

   (3) An amount equal to the greater of interest calculated pursuant to Paragraph (2) above, or liquidated damages in the amount of twenty (20%) percent of the unpaid contributions, pursuant to ERISA Section 502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(C); plus

   (4) Reasonable attorneys' fees and costs pursuant to ERISA Section 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D); plus

   (5) Such other and further equitable relief as this Court may deem just and appropriate.

Dated: August 13, 2009
   New York, New York

            FRIEDMAN & WOLF

      By: _____
            Michael Bauman (MB-9118)

            1500 Broadway, Suite 2300
            New York, New York 10036
            (212) 354-4500

            Attorneys for Plaintiffs